# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# AT ERIE

| | |
|---|---|
| DEMETRIUS BAILEY, | ) |
| *Plaintiff*, | ) Civil Action No. 16-86 |
| v. | ) |
| | ) ORDER |
| MICHAEL OVERMYER, *et al.*, | ) |
| *Defendants*. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PRELIMINARY INJUNCTION

Before the Court is the Report and Recommendation ("R&R") of the Honorable Susan Paradise Baxter, United States Magistrate Judge, recommending that the Court deny Plaintiff's motion for a preliminary injunction. Dkt. 58 at 11-13. Specifically, the R&R states that Plaintiff, in his motion, alleges that the state prison in which he is house has denied him contact visits and proper medical treatment, including mental health care. *Id.* at 11 (citing Dkt. 44). These allegations, the R&R states, largely mirror those contained in Plaintiff's Complaint. *Id.* (citing Dkt. 3). Therefore, the R&R finds, these claims do not properly form the basis of a motion for a preliminary injunction. *Id.* at 12. Moreover, the R&R states, the record demonstrates that Plaintiff is "now in line for contacts visits;" has been tested and treated for his various alleged ailments; and has seen a psychologist. *Id.* at 12. Thus, the R&R finds, Plaintiff has not demonstrated irreparable injury, as required to succeed on a motion for a preliminary injunction. *Id.* (citing *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010)). Plaintiff filed objections to the R&R. Dkt. 61. When a party objects to an R&R, the district court must review

1

*de novo* those portions of the R&R to which objection is made. *See United States v. Raddatz*, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b). However, to obtain *de novo* review, a party must clearly and specifically identify those portions of the R&R to which it objects. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge. *Raddatz*, 447 U.S. at 673-74.

Here, Plaintiff's objections largely restate the allegations he put forth in his motion for a preliminary injunction—which, in turn, largely restates the allegations in his Complaint. *Compare* Pl's. Objs., Dkt. 61 *with* Pl's. Mot., Dkt. 44 *and* Pl's. Compl., Dkt. 3. Accordingly, Plaintiff's objections do not trigger *de novo* review. *See Goney*, 749 F.2d at 6-7. In any event, the R&R is correct that a preliminary injunction is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *Rush v. Corr. Med. Servs., Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (internal quotation omitted). Moreover, in the prison context, a request for injunctive relief must be "viewed with considerable caution" because of the "intractable problems of prison administration." *Id*. Here, for the reasons stated in the R&R, Plaintiff has not established any of the required criteria in his motion for a preliminary injunction. *See* R&R, Dkt. 58, Pl's. Mot., Dkt. 44; *see also Rivera v. Pennsylvania Dep't of Corr.*, 346 F. App'x 749, 751 (3d Cir. 2009); *Rush*, 287 F. App'x at 144. Accordingly, the Court **HEREBY ORDERS**:

(1) The Court **ADOPTS** the Report and Recommendation [Dkt. 58];

(2) Defendants' Motion for a Preliminary Injunction [Dkt. 44] is **DENIED**;

(3) The clerk shall send copies of this Order to the parties.

**IT IS SO ORDERED**.

DATED this 10th day of April, 2017.

_Barbara J. Rothstein_
_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE