UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
AT ERIE

DEMETRIUS BAILEY, )
)
      *Plaintiff*, ) Civil Action No. 16-86
)
v. )
) ORDER
)
MICHAEL OVERMYER, *et al.*, )
)
      *Defendants*. )
_____)

## ORDER ADOPTING REPORT AND RECOMMENDATION AND REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS

Before the Court is the Report and Recommendation ("R&R") of the Honorable Susan Paradise Baxter, United States Magistrate Judge, recommending that the Court grant Defendants' motion to revoke Plaintiff's *in forma pauperis* status [Dkts. 20, 24]; vacate the previous Order granting Plaintiff *in forma pauperis* status [Dkt. 3]; deny Plaintiff's Motion to *Proceed in forma pauperis* [Dkt. 1]; and dismiss this action without prejudice to Plaintiff's right to reopen by paying the full $400 filing fee. Dkt. 49. Specifically, the R&R states that Plaintiff previously filed three cases that were dismissed as failing to state a claim. *Id*. at 5 (citing *Bailey v. Price*, No. 2:99-cv-470 (W.D. Pa. 1999); *Bailey v. Crisanti.,* No. 2:00-cv-1310) (W.D. Pa. 20000); *Bailey v. Rozum*, No. 3:13-cv-78 (W.D. Pa. 2015)). Thus, the R&R states, Plaintiff has accumulated "three strikes" within the contemplation of the Prison Litigation Reform Act ("PLRA"). *Id*. at 2-5 (citing 28 U.S.C. § 1915(g)). Plaintiff filed objections to the R&R. Dkt. 53. When a party objects to an R&R, the district court must review *de novo* those portions of the R&R to which objection is made. *See United States v. Raddatz*, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b). However, to obtain

*de novo* review, a party must clearly and specifically identify those portions of the R&R to which it objects. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge. *Raddatz*, 447 U.S. at 673-74.

Here, Plaintiff's sole objection is that *Bailey v. Rozum* should not count as a strike because it was not "dismissed in its entire[t]y" for failure to state a claim. Dkt. 53. Plaintiff is incorrect. The *Bailey v. Rozum* record is clear: the district court judge adopted the magistrate judge's lengthy report recommending, *inter alia*, that the court dismiss the case for Plaintiff's failure to state a claim. No. 3:13-cv-78 (W.D. Pa. 2015). Indeed, in the related matter of *Rambert v. Johnson*, this Court recently ruled that *Bailey v. Rozum* counts as a strike against Plaintiff. 2016 WL 6573855 (W.D. Pa. Nov. 7, 2016).

A prisoner-plaintiff who has accumulated three strikes may nevertheless be properly granted *in forma pauperis* status if he demonstrates that he is in imminent danger of serious physical injury. *Abdul-Akbar v. McKelvie*, 239 D.3d 307 (3d Cir. 2001)). "[T]he court should assess 'imminent danger' as of the time the prisoner's complaint is filed[;] and [ ] a prisoner's allegation that he faced danger in the past is insufficient to allow him to proceed I.F.P." *Id.* at 311 (internal citations omitted). Here, Plaintiff's Complaint does not allege that he is in imminent danger. *See* Dkt. 4.[1] Accordingly, pursuant to the PLRA, Plaintiff must be denied *in forma pauperis* status. *See, e.g.*, *Abdul-Akbar*, 239 F.3d at 315; *Ball v. Famiglio*, 726 F.3d 448, 468 (3d Cir. 2013); *Brown v. Lyons*, 977 F. Supp. 2d 475, 484 (E.D. Pa. 2013). Having found that Plaintiff's case must be dismissed without prejudice to his right to reopen by paying the full $400

---

[1] Similarly, Plaintiff has not alleged that he is in imminent danger in either his relevant briefing or in his Objections. *See* Pl's. Opp. Def's. Mot., Dkt. 22; Pl's. Objs., Dkt. 53.

filing fee, the Court need not address Defendant's alternative motion to dismiss for improper joinder. Dkt. 20.

Accordingly, the Court **HEREBY ORDERS**:

(1) The Court **ADOPTS** the Report and Recommendation [Dkt. 49];

(2) Defendants' Motion to Revoke Plaintiff's *in forma pauperis* status [Dkt. 20] is **GRANTED**;

(3) The Court's previous Order granting Plaintiff *in forma pauperis* status [Dkt. 3] is **VACATED**;

(4) Plaintiff's Motion to Proceed *in forma pauperis* [Dkt. 1] is **DENIED**;

(5) This case is **DISMISSED WITHOUT PREJUDICE**;

(6) This case is **CLOSED**.

**IT IS SO ORDERED**.

DATED this 11th day of April, 2017.

*[signature: Barbara J. Rothstein]*

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE